# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| VENNIS BROWN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-CV-33 PLC |
| DUNKLIN COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of the amended complaint. The Court dismissed plaintiff's action on September 12, 2019 due to plaintiff's failure to update his address. *See* Local Rule 2.06(B). As plaintiff has updated has address and filed his amended complaint in accordance with the Court's July 29, 2019 Memorandum and Order, the Court will vacate the dismissal and review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. However, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**Background**

Plaintiff Vennis Brown, Sr. is an inmate at Western Reception Diagnostic and Correctional Center ("WRDCC"). He filed this action on February 15, 2019, pursuant to 42 U.S.C. § 1983 alleging that when he was a pretrial detainee at Dunklin County Jail the Dunklin County Jail doctor did not believe he was diabetic but he needed diabetic supplies.

Because plaintiff did not actually include a "Statement of Claim" section in his original complaint but instead simply filed with the Court four copies of sick call request forms, the Court, on July 29, 2019, ordered plaintiff to amend his complaint on a court form in order to set forth his claim against the four named defendants in his complaint. Plaintiff was ordered to file his amended complaint no later than August 28, 2019.

Mail was returned to the Court on August 12, 2019. Plaintiff's new address was found by the Clerk, and the Memorandum and Order entered on July 29, 2019 was resent to plaintiff on that same date. When the Court failed to hear from plaintiff and he still had not filed his amended complaint by September 12, 2019, the Court dismissed this action on that date due to plaintiff's failure to update the Court with his new address pursuant to Local Rule 2.06.

On September 16, 2019, plaintiff filed his amended complaint in this closed action. The Court will vacate the dismissal order and review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, as plaintiff was granted leave to proceed in forma pauperis on July 29, 2019. *See* Docket No. 9.

**The Amended Complaint**

Plaintiff brings his civil rights claims in his amended complaint against defendants Dr. Unknown Pewhitt and Nurse Ashley Graham. He does not indicate the capacity under which he is suing defendants.

Plaintiff states that he was housed in Dunklin County Jail on February 8, 2018. He claims that he is a diabetic and insulin dependent. He states that he explained this to Nurse Ashley Graham. Plaintiff asserts that Nurse Graham told him that his sugar was normal. He states that he told Graham that he had been "locked up three days and of course his sugar was normal because he takes care of himself." Plaintiff alleges in a conclusory fashion that "I went without my insulin and when they finally checked my sugar it was almost 600 my kidney was hurting my girlfriend brought my diabetic supplies to the county Jail." Plaintiff asserts that "it took a while for [his] sugar to get back to normal." Plaintiff claims he never saw Dr. Pewhitt during his incarceration.

Plaintiff seeks compensatory damages.

**Discussion**

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official – in this case, Dunklin County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Dunklin County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

A local governing body such as Dunklin County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Dunklin County.

First, plaintiff can show that Dunklin had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal

official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Dunklin County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He also fails to present any facts indicating that Dunklin County failed to train its employees. As such, plaintiff's official capacity claims against Dr. Pewhitt and Nurse Graham must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Additionally, as set forth in the Court's prior Memorandum and Order, even if plaintiff had alleged an individual capacity claim against defendants, he has failed to properly allege a deliberate indifference to medical care under the 14th Amendment.[1]

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and

---

[1]To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Eighth Amendment); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995) (same).

that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Vaughn*, 438 F.3d at 850.

Plaintiff has indicated that he was never actually seen by Dr. Pewhitt nor that he was denied care by Dr. Pewhitt. Moreover, he has acknowledged that his sugar was tested by Ashley Graham and his sugar was "normal," even after being in lock-up for three days. Plaintiff does not state in his complaint how often Ashley Graham was checking his sugar, but it is apparent his sugar was being checked by Ms. Graham, as he indicates that at some point he was allowed to use his insulin from home, which was brought to him by his girlfriend.

There is nothing in the record to show that defendants were acting with deliberate indifference to his diabetes. In fact, plaintiff's amended complaint shows that his sugar was being checked and that when his sugar showed that it was registering high, he was allowed to use insulin to treat his blood sugar in order to treat his diabetes. Moreover, there is nothing in the record to show that defendants failed to provide plaintiff with medical treatment. As such, he has failed to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the **DISMISSAL ORDER [Doc. #11]** pursuant to Local Rule 2.06 due to plaintiff's failure to update the Court with his address is **VACATED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of November, 2019.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE